UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| OSCAR GARAY, JR., by and through ) <br> KELLY SUE GARAY, Administratrix of the ) <br> ESTATE OF OSCAR GARAY, JR., deceased ) <br> for the use and benefit of the wrongful ) <br> death beneficiaries of OSCAR GARAY, JR., ) <br>         Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> HAMBLEN COUNTY, TENNESSEE, a ) <br> Political Subdivision of the State of Tennessee; ) <br> ESCO JARNIGAN, as Sheriff of Hamblen County ) <br> Tennessee: John Doe(s), unidentified and unnamed ) <br> employees of Hamblen County Sheriff's ) <br> Department, ) <br>         Defendants . ) | No. 2:11-CV-128 |

## MEMORANDUM OPINION AND ORDER

This civil action arises out of the incarceration and subsequent death of Oscar Garay, Jr. at the Hamblen County Justice Center. Currently pending before the Court are two motions: (1) the motion of Southern Health Partners, Inc. ("SHP") to dismiss the § 1983 claim asserted against it, [Doc. 31]; and (2) the motion of Linda Brooks ("Brooks") to dismiss the state medical malpractice claim asserted against her, [Doc. 32]. The plaintiff has responded to both motions in a joint response, [Doc. 35], and SHP and Brooks have replied, [Docs. 37, 38]. For the reasons which follow, the motions will be GRANTED.

I.  **Relevant Procedural Background**

Plaintiff's complaint, [Doc. 1], was filed on April 29, 2011, and alleges a deprivation of civil rights under 42 U.S.C. § 1983 against Hamblen County, Tennessee, Esco Jarnagin, in his capacity

as sheriff of Hamblen County, Tennessee, and certain John Doe employees of the Hamblen County Sheriff's Department. On August 31, 2011, plaintiff moved, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, for leave to amend the original complaint by adding several party defendants, including defendant Brooks, [Doc. 8]. The Magistrate Judge granted leave to amend on September 1, 2011, [Doc. 9], and the amended complaint was filed on September 9, 2011, [Doc. 12]. On October 11, 2011, Brooks filed a motion to dismiss the claim against her, in substance, a medical malpractice claim governed by the Tennessee Medial Malpractice Act ("TMMA"), due to the plaintiff's failure to provide the pre-suit notice required by Tennessee Code Annotated § 29-26-121 and failure to file the certificate of good faith required by § 29-26-122, [Doc. 16]. On October 12, 2011, plaintiff gave notice of voluntary dismissal of the complaint against Brooks, [Doc. 19].

On February 14, 2012, plaintiff filed a second motion for leave to amend the complaint to name Brooks once again as a defendant and to add SHP as a defendant, [Doc. 23]. On March 6, 2012, the Magistrate Judge granted the second motion for leave to amend, [Doc. 27], and the second amended complaint was filed on the same day, [Doc. 28]. The second amended and restated complaint alleges that the plaintiff has complied with the provisions of Tennessee Code Annotated §§ 29-26-121(a) and 122, [Doc. 28, ¶¶ 89-91], and attached to the complaint is the affidavit of plaintiff's counsel of compliance with § 29-26-121 "by providing written notice and a signed HIPPA [sic] release to the defendant Linda Jean Brooks and Southern Health Partners, Inc. by Federal Express Mail delivered to the defendant's principal place of business, registered agent and attorney," [Doc. 28-1]. The pending motions to dismiss were then filed on April 2, 2012, and the Court will address each in turn.

2

### III. Analysis

####    A.    SHP's Motion to Dismiss

Plaintiff's second amended and restated complaint asserts federal civil rights claims under 42 U.S.C. § 1983 and a Tennessee state law medical malpractice claim against the defendant, SHP. SHP moves to dismiss, with prejudice, the federal civil rights claims on grounds that the claims are barred by the applicable one year statute of limitations. State law determines the statute of limitations for § 1983 claims because that statutory section does not contain its own limitations. *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003). Tennessee has a one year statute of limitations for actions brought under federal civil rights statutes, including § 1983. *Id.* at 266 (citing Tenn. Code Ann. § 28-3-104(a)(3); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986)).

There is no dispute in the case but that plaintiff's cause of action accrued on February 2, 2011, the date of decedent's death. It is likewise undisputed that plaintiff had one year from that date within which to assert her § 1983 action against SHP and that SHP was first named as a defendant in the amended complaint filed on March 6, 2012. Since the § 1983 claim was not asserted until more than one year after February 2, 2011, SHP argues that the claim is barred by the statute of limitations. Plaintiff responds that the motion to dismiss fails because Rule 15(c) of the Federal Rules of Civil Procedure "permits amendments to add new defendants after the statute of limitations has expired." [Doc. 35 at 5]. More specifically, plaintiff argues that the amendment relates back to the original filing date because the claim arises out of the same facts and the defendant had notice of the plaintiff's allegations.

Clearly established and longstanding precedent establishes the rule in the Sixth Circuit, however, that "an amendment which adds a new party creates a new cause of action and

3

there is no relation back to the original filing for purposes of limitations." *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991) (quoting *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1973)). The rule was recently reaffirmed by the Sixth Circuit and extended to bar the addition of plaintiffs, not just defendants, after the applicable statute of limitations expired. *Asher v. Unarco Material Handling, Inc*., 596 F.3d 313, 318 (6th Cir. 2010). In addition, the plain language of Rule 15(c)(1)(B) permits relation back of an amendment asserting "a claim or defense" but does not authorize the relation back of an amendment adding a new party. *Id.* The Court further notes that the plain language of Rule 15(c)(1)(C) permits limited changes in the identities of parties but only to correct misnomers or misdescriptions made in the original, timely filing. *In re Kent Holland*, 928 F.2d at 1450. Thus, the conclusion is inescapable that the § 1983 action asserted against SHP in the amended complaint for the first time is barred by the one year statute of limitations. The motion to dismiss, [Doc. 31], is GRANTED and the § 1983 claim asserted against SHP is DISMISSED.[1]

### B. Brooks's Motion to Dismiss

Brooks is a registered nurse employed by SHP, which provided medical care to inmates at the Hamblen County Justice Center. Brooks was named as a defendant for the first time in plaintiff's first amended and restated complaint filed on September 9, 2011. The amended complaint alleges that Brooks "failed to properly provide medical treatment" to Garay. As noted above, Brooks responded by filing a motion to dismiss based on the plaintiff's failure to comply with the relevant requirements of the TMMA and plaintiff then filed a notice of voluntary dismissal of

---

[1] SHP does not seek dismissal of the state law medical malpractice claim and acknowledges that a different statute of limitations applies to that claim.

4

Brooks, without prejudice, on October 12, 2011. The second amended and restated complaint again added Brooks as a defendant, making the same allegation that she failed to "properly provide medical treatment" to the decedent. This time, however, plaintiff alleged that she had complied with the requirements of Tennessee Code Annotated §§ 29-26-121 and 122.

Plaintiff does not dispute that the state law claim against Brooks falls within the scope of the TMMA and that the provisions of Tennessee Code Annotated § 29-26-121(a)(1) therefore apply to this case. Brooks once again argues that plaintiff has failed to comply with the pre-suit notice requirement of § 29-26-121 and notes, without contradiction by the plaintiff, that the pre-suit notice given by the plaintiff on December 12, 2011, was addressed only to SHP, and not Brooks, and that the notice stated only that the decedent's estate "is asserting a potential claim for medical malpractice against you." Brooks is not personally mentioned in the letter nor is she listed in the list of providers attached to the December 12, 2011 letter. Plaintiff responds that Brooks's motion should be denied for three reasons: (1) Proper notice was given, (2) the statute does not contemplate the type of notice that the defendant is basing her motion on, and (3) Brooks had actual notice of the claim. [Doc. 35 at 2].

Tennessee Code Annotated § 29-26-121 requires 60 days pre-suit notice in all medical malpractice cases, providing in pertinent part as follows:

> (a)(1) Any person . . . asserting a potential claim for health care liability shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon health care liability in any court of this state.

As the plaintiff points out, the notice requirement may be satisfied by either personal delivery of the notice, Tennessee Code Annotated § 29-26-121(a)(3)(A), or by mailing of the notice, Tennessee

5

Code Annotated § 29-26-121(a)(3)(B). If the notice is mailed to an individual health care provider it must be mailed to "both the address listed for the provider on the Tennessee department of health web site and the statute and the provider's current business address, if different from the address maintained by the Tennessee department of health . . ." Tenn. Code Ann. § 29-26-121(a)(3)(B)(i).

Plaintiff argues that proper notice to SHP constitutes notice to Brooks because Brooks was in the course and scope of her employment with SHP when she failed to provide the proper medical care for Garay. Secondly, plaintiff argues that Tennessee Code Annotated § 29-26-121's notice provisions apply only to "businesses." Finally, plaintiff argues that Brooks had actual knowledge of the suit going all the way back to September, 2011, when she was served with the amended complaint. The Court disagrees with plaintiff on all points.

First, plaintiff's argument that proper notice to SHP was sufficient to constitute notice to Brooks because she was acting in the course and scope of her employment at the relevant time period is refuted by the plain language of the statute itself which requires notice to be given to "each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint." Tenn. Code Ann. § 29-26-121(a)(1). Not only are SHP and Brooks named separately as defendants, the TMMA specifically defines health care provider as including "nurses," Tenn. Code Ann. § 29-26-101(a)(2)(D), and the statute requires either personal delivery or mailing to an "individual" health care provider. That Brooks may have been acting within the course and scope of her employment at the relevant time makes no difference; plaintiff is asserting a separate claim against Brooks for medical malpractice.

Second, plaintiff's argument that the notice requirements of the statute apply only to businesses again is contradicted by the plain language of the statute. Tennnessee Code Annotated

6

§ 29-26-121(a)(3)(B)(i) and (ii) provide procedures for accomplishing the mailing of the notice depending upon whether the health care provider is "an individual" or "a corporation or other business entity." There is absolutely nothing in the statute to suggest that the notice provisions apply only to businesses. Finally, plaintiff's argument that Brooks had actual knowledge of the suit because the prior, voluntarily dismissed complaint had been served upon her has been rejected by the Tennessee Supreme Court. *See Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300 (Tenn., 2012) (rejecting the argument that the notice requirement of § 29-26-121 was satisfied because the defendant had notice of the re-filed cause of action from the proceedings in the original suit).

Indeed, *Myers* and subsequent rulings by the Tennessee courts of appeal are entirely dispositive of Brooks's motion here. In *Myers*, the plaintiff filed a medical malpractice action which was subsequently voluntarily dismissed. He re-filed his action after the legislature enacted Tennessee Code Annotated §§29-26-121 and 122. When Myers refiled his complaint he did not give pre-suit notice to the defendants, nor did he file a certificate of good faith with the complaint as required by those sections. Finding the requirements of the statutes to be "precisely stated" and providing "clear guidance and detailed instruction for meeting those requirements," the Tennessee Supreme Court found the requirements of the statute to be mandatory and not subject to satisfaction by substantial compliance. Plaintiff's failure to comply with the mandatory requirements of the statute requires dismissal with prejudice. *Id.*

Furthermore, the entire argument about whether or not the notice given by plaintiff at the time of the filing of the second amended and restated complaint is somewhat academic. The Court of Appeals, subsequent to the *Myers* decision, has specifically addressed the question of whether or not a plaintiff may cure the deficiencies of an original complaint by filing an amended

7

complaint which does comply. The Court of Appeals stated that "[t]he statutes at issue, however, do not authorize a claimant to cure deficiencies by filing an amended complaint [ ] as '[t]he essence of Tennessee Code Annotated Section 29-26-121 is that a defendant be given notice of a medical malpractice claim *before* suit is filed.'" *Vaughn v. Mountain States Health Alliance*, 2013 WL 817032 (Tenn. Ct. App. March 5, 2013) (emphasis in original). The Court of Appeals further held that the timing in these statutes is mandatory and that "the intent of the legislature is not realized by allowing the practice [of filing an amended complaint to cure a deficiency in an original complaint]." *Id.* at * 6.

In point of fact, then, plaintiff's failure to comply with the requirements of Tennessee Code Annotated § 29-26-121 when the amended complaint was filed was fatal and requires dismissal of this claim against Brooks with prejudice. Even if that were not the case, plaintiff's attempts to comply with the provisions of the statute are, at best, substantial compliance, and the provisions of the statute are not met.

Brooks's motion to dismiss the state law medical malpractice claim against her is GRANTED, [Doc. 32].

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE